## IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION NO. _19-1122_ |
| | * | |
| | * | |
| VS. | * | JUDGE _____ |
| | * | |
| ARMENTOR FARMS, LLC, | * | |
| STEPHEN PHILLIP ARMENTOR | * | MAGISTRATE JUDGE _____ |
| And SHANNON MOORE ARMENTOR | * | |

### COMPLAINT

The United States of America ("Plaintiff") for the Farmers Home Administration

("FmHA") now known as Farm Service Agency (FSA) of the United States Department of

Agriculture, through William D. O'Regan III as Attorney for the United States of America, for its

cause of action alleges:

1.

Jurisdiction in this action is predicated on 28 U.S.C. § 1345.

2.

Plaintiff is the holder in due course and owner of those certain promissory notes ("Notes")

made payable to the order of FSA by Defendant(s) described as follows:

| DATE | TYPE | FACE AMOUNT | INTEREST RATE |
|---|---|---|---|
| 06-07-2016 | OL(44-05) | $110,160.54 | 1.375% |
| 03-13-2012 | Resch | $121,800.00 | 1.375% |
| 06-07-2016 | OL (44-06) | $148,858.01 | 1.375% |
| 03-13-2012 | Resch | $164,800.00 | 1.375% |

Copies of each Note are attached as **Exhibit #1** in globo.

3.

In order to secure their payment of the Notes, Defendant(s) executed in authentic form

those acts of mortgage ("Mortgages") covering the property more fully described therein dated and

filed for record in the mortgage records of Iberia Parish, Louisiana, as follows:

| DATE | REGISTRY NO. | TYPE | MORTGAGE BOOK/PAGE |
|------|--------------|------|--------------------|
| 03-13-2012 | 12-002619 | Real Estate/Iberia | 1480/410 |
| 12-05-2013 | 13-0013478 | Extension of RE Mortgage | 1586/276 |
| 06-28-2016 | 16-006146 | Extension of RE Mortgage | 266/809 |
| | 23-12-0931 | UCC-1F | |
| | 23-14-3464 | Amended | |
| | 23-16-4563 | Continued | |

Copies of each Mortgage are attached as **Exhibit #2** in globo.

4.

Defendant(s) are in default on payment due under the Note(s), the entire balance is now

due and payable as a result of acceleration of maturity of the unpaid principal and interest by

Plaintiff or by virtue of the terms for payment of the Note(s), and all conditions precedent to the

commencement of this action have been satisfied.

5.

There have also been certain costs advanced to the defendant (s) to protect the security

property as follows:

| | RECOVERABLE COST ITEMS | AMOUNT |
|------|------------------------|--------|
| 44-94 | RE Taxes | $  536.21 |
| 44-95 | Title Opinion | $1,250.00 |
| 44-96 | Appraisal | $  800.00 |
| 44-97 | Lien Search | $   40.00 |
| 44-98 | RE Taxes | $  542.73 |
| 44-99 | RE Taxes | $  577.39 |

6.

There is presently due and outstanding under the Notes and advances unpaid principal and interest accrued to 05-31-2019 in the following amounts;

| LOAN CODE | UNPAID PRINCIPAL | UNPAID INTEREST |
|---|---|---|
| 44-05 | $102,166.41 | $1,577.98 |
| 44-06 | $148,858.01 | $6,101.14 |
| 44-94 | $     536.21 | $     2.26 |
| 44-95 | $  1,250.00 | $   17.80 |
| 44-96 | $     800.00 | $   11.72 |
| 44-97 | $       40.00 | $     .59 |
| 44-98 | $     542.73 | $     9.16 |
| 44-99 | $     577.39 | $   17.68 |

**WHEREFORE, PLAINTIFF PRAYS** for judgment in its favor against Defendant(s), **in rem** only and not in personam, for the amount(s) due and owing Plaintiff as set forth in Paragraph 6 above, plus additional interest to which Plaintiff may be entitled and all costs of this action;

**PLAINTIFF FURTHER PRAYS** that the Mortgage(s) be recognized and maintained upon the property subject to the Mortgage(s), and that said property be sold, **without appraisal** and according to law, at public auction to the highest bidder, and that out of the proceeds of said sale the Plaintiff be paid in preference and priority to all other persons whosoever the amount of its claim in accordance with the terms of the Mortgage(s), and that the amount realized from said sale be credited **pro tanto** upon the amount of the judgment herein; and

3

**PLAINTIFF FURTHER PRAYS** for all order and decrees necessary in the premises, and for all general and equitable relief to which it may be entitled.

RESPECTFULLY SUBMITTED,

UNITED STATES OF AMERICA

BY:    /s/William D. O'Regan, III
       William D. O'Regan III
       1107 Main Street
       Laplace, LA   70068
       Bar Roll Number:      10231

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Armentor Farms, LLC, Stephen Phillip Armentor and Shannon Moore Armentor |

| (b) County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant   Iberia |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| William D. O'Regan, III, 1107 Main Street, LaPlace, LA, 70068, (985) 652-6476 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
USC 28:1345fc

Brief description of cause:
Foreclosure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
254,770.75

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/27/2019 | *William D. O'Regan* |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

| **FSA-2026**<br>(12-05-12) | **U.S. DEPARTMENT OF AGRICULTURE**<br>Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name<br>ARMENTOR FARMS LLC | 2. State<br>LOUISIANA | 3. County<br>IBERIA |
|---|---|---|

| 4. Case Number<br>22-023-0453967074 | 5. Fund Code<br>44 | 6. Loan Number<br>05 | 7. Date<br>JUNE 7, 2016 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| | ☐ Initial loan ☐ Conservation easement ☐ Deferred payments<br>☐ Consolidation ☒ Rescheduling ☐ Debt write down<br>☐ Subsequent loan ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)*    NEW IBERIA, LOUISIANA    or at such other place as the Government may later designate in writing, the principal sum of *(b)*  ONE HUNDRED TEN THOUSAND ONE HUNDRED SIXTY DOLLARS------------- AND 54/100---------------------  dollars *(c)* ($  110,160.54                  , plus interest on the unpaid principal balance at the **RATE** of *(d)* ONE AND THREE EIGHTS percent *(e)*   1.375     %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*   15
installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 8,178.00 | 03/01/17 | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and *(d)* $  8,178.00    thereafter on the *(e)* 1ST OF MARCH    of each *(f)* YEAR    until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   15    years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Initial  *SA*    Date  *6/7/16*

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-01 | $ 121,800.00 | 1.375 % | 03/13/12 | ARMENTOR FARMS LLC | 04/01/13 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _SD_     Date _6/7/16_

**FSA-2026** (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

AS INDIVIDUAL:

_____
STEPHEN ARMENTOR

ARMENTOR FARMS LLC:

BY: _____
STEPHEN ARMENTOR

| NOTE: | *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.* |
|---|---|

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.***

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026 (09-07-10) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name ARMENTOR FARMS LLC | | 2. State LOUISIANA | 3. County IBERIA |
|---|---|---|---|
| 4. Case Number 22-023-0453967074 | 5. Fund Code 44 | 6. Loan Number 01 | 7. Date March 13, 2012 |

| 8. TYPE OF ASSISTANCE 209-OL-BF-REG-1YR | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☒ Initial loan    ☐ Conservation easement    ☐ Deferred payments

☐ Consolidation    ☐ Rescheduling    ☐ Debt write down

☐ Subsequent loan    ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*    NEW IBERIA, LOUISIANA                    or at such other place as the Government may later designate in writing, the principal sum of *(b)*  ONE HUNDRED TWENTY ONE THOUSAND EIGHT HUNDRED DOLLARS AND NO/100---------------------- dollars *(c)* ($  121,800.00                  , plus interest on the unpaid principal balance at the **RATE** of *(d)* ONE AND THREE EIGHTS percent *(e)*  1.375     %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  1  installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 122,600.00 | APRIL 1, 2013 | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and *(d)* $  NA            thereafter on the *(e)* NA          of each *(f)* NA            until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*    1            years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _BA_   Date _3/13/12_

FSA-2026 (09-07-10)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____ S a _____   Date _3/13/12_

FSA-2026 (09-07-10)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

AS INDIVIDUAL:

ARMENTOR FARMS LLC:

STEPHEN P. ARMENTOR

STEPHEN P. ARMENTOR

NOTE:    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Form Approved - OMB No. 0560-0237

This form is available electronically.                    (See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

**FSA-2026**
(12-05-12)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name ARMENTOR FARMS LLC | 2. State LOUISIANA | 3. County IBERIA |
|---|---|---|

| 4. Case Number 22-023-0453967074 | 5. Fund Code 44 | 6. Loan Number 06 | 7. Date JUNE 7, 2016 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments

☐ Consolidation  ☒ Rescheduling  ☐ Debt write down

☐ Subsequent loan  ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in (a)  NEW IBERIA, LOUISIANA  or at such other place as the Government may later designate in writing, the principal sum of (b)  ONE HUNDRED FORTY EIGHT THOUSAND EIGHT HUNDRED FIFTY EIGHT----- DOLLARS AND 01/100--------------  dollars (c) ($  148,858.01  , plus interest on the unpaid principal balance at the **RATE** of (d)  ONE AND THREE EIGHTS  percent (e)  1.375  %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a)  15  installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 11,051.00 | 03/01/17 | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and (d) $  11,051.00  thereafter on the (e)  1ST OF MARCH  of each (f)  YEAR  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g)  15  years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.

Initial _SA_  Date _6/7/16_

**FSA-2026** (12-05-12)                                                                        Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| 44-02 | $  164,800.00 | 1.375    % | 03/13/12 | ARMENTOR  FARMS  LLC | 04/01/19 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial  _SA_        Date  _6/7/16_

**FSA-2026** (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

AS INDIVIDUAL:

STEPHEN ARMENTOR

ARMENTOR FARMS LLC:

BY: STEPHEN ARMENTOR

NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026 (09-07-10) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name ARMENTOR FARMS LLC | 2. State LOUISIANA | 3. County IBERIA |
|---|---|---|
| 4. Case Number 22-023-0453967074 | 5. Fund Code 44 | 6. Loan Number 02 | 7. Date March 13, 2012 |

| 8. TYPE OF ASSISTANCE 211-OL-BF-REG-7YR |
|---|

9. ACTION REQUIRING PROMISSORY NOTE:

☒ Initial loan    ☐ Conservation easement    ☐ Deferred payments

☐ Consolidation    ☐ Rescheduling    ☐ Debt write down

☐ Subsequent loan    ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)*   NEW IBERIA, LOUISIANA   or at such other place as the Government may later designate in writing, the principal sum of *(b)*   ONE HUNDRED SIXTY FOUR THOUSAND FIVE HUNDRED DOLLARS AND NO/100 - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - dollars *(c)* ($  164,800.00   , plus interest on the unpaid principal balance at the RATE of *(d)*  ONE AND THREE EIGHTS   percent *(e)*  1.375   %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  7   installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 24,932.00 | APRIL 1, 2013 | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and *(d)* $  24,932.00   thereafter on the *(e)* 1ST OF APRIL   of each *(f)* YEAR   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  7   years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.

Initial _____   Date 3/13/12

FSA-2026 (09-07-10)

Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _SA_   Date _3/13/12_

FSA-2026 (09-07-10)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

AS INDIVIDUAL:                                    ARMENTOR FARMS LLC:


STEPHEN P. ARMENTOR                               STEPHEN P. ARMENTOR

NOTE:     The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

          According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

# Recordation Certificate

**Michael Thibodeaux**
**Iberia Parish Clerk of Court**
P. O. Drawer 12010
New Iberia, LA  70562-2010
(337) 365-7282

**First MORTGAGOR**

ARMENTOR, STEPHEN PHILLIP

**First MORTGAGEE**

USA-DEPT OF AGRICULTURE

**Index Type :**   MORTGAGES

**Type of Document :** REINSCRIPTION

**Recording Pages :**          4

**File Number :** 2016-00006146

**Book :**  1712      **Page :**  762

## Recorded Information



Deputy Clerk

On (Recorded Date) : 06/28/2016

At (Recorded Time) :  12:28:13PM

Doc ID - 009122140004

**FORM FSA 1951-1 LA**
(Rev. 2-2010)

## AGREEMENT EVIDENCING EXTENSION BY
## REAMORTIZATION OR RESCHEDULING AND REQUEST FOR
## REINSCRIPTION OF REAL ESTATE MORTGAGE

THIS AGREEMENT, made between the United States of America, acting by and through the

Farm Service Agency, United States Department of Agriculture, represented herein by

Galton J. Hulin Jr., Farm Loan Manager, for Iberia Parish, Louisiana, herein

called the "Government" and Stephen Philip Armentor and Shannon Moore Armentor
(Name of Borrower)
of 2410 Labit Rd., New Iberia, LA 70560
(Street Address, City and Parish)

Louisiana, herein called the "Borrower";

WITNESS:

    WHEREAS, the Government and Borrower have agreed to reamortize, reschedule, or otherwise extend the maturity of the promissory note(s) described below which were executed by the Borrower and are owned and held by the Government so that the Promissory Note(s) shall now be finally due and payable on the dates indentified as "the new due date."

Promissory Notes Extended

| DATE | AMOUNT | DUE DATE BEFORE EXTENSION | DUE DATE AFTER EXTENSION |
|------|--------|---------------------------|--------------------------|
| 3/13/2012 | $121,800.00 | 4/1/2013 | 3/1/2031 |
| 3/13/2012 | $164,800.00 | 4/1/2019 | 3/1/2031 |

**FORM FSA 1951-1 LA**

and

WHEREAS, the extension shall be carried out by the Borrower executing an FSA Promissory note form designated as the Rescheduled or Reamoritized note. The Rescheduled or Reamortized note shall be attached to the note extended by rescheduling or reamortization and shall be evidence of the new payment schedule.

and

\*       WHEREAS, the above described notes are secured by a real estate mortgage of mortgages encumbering property owned by the borrower which real estate mortgages are subject to reinscription or extension pursuant to LSA-Civil Code Articles 3357 through 3365, as applicable. These mortgages are specifically described as follows:

II

Mortgages Securing Extended Notes

| MORTGAGE DATE | BOOK-PAGE RECORDED | NOTE DATE | NOTE AMOUNT | EXTENDED DUE DATE |
|---|---|---|---|---|
| 3/13/2012 | Book 140 *1480* Page 410 #2012-00002619 | 3/13/2012 3/13/2012 | $164,800.00 $121,800.00 | 3/1/2031 3/1/2031 |



*Strike Inapplicable
**FORM FSA 1951-1 LA**

NOW THEREFORE, the Government and the Borrower agree that the above described Promissory Notes have been extended as described above and as further set forth in the Rescheduled or Reamortized Promissory Note executed to evidence and carry out the extension by reamortization, renewal, or extension, the terms of which are referred to and incorporated herein by reference.  The Government and the Borrower further agree that the Extension, Reamortization, Rescheduling, or Consolidation of any of the above described Promissory Notes shall not constitute a novation or the creation of a new debt but shall be merely an extension of an existing indebtedness.  The Government and Borrower further agree that this instrument shall be lodged for record pursuant to LSA-Civil Code 3357 through 3365, as applicable, to effect the extension of the real estate mortgage securing the extended Promissory Notes.

By: _____         By: _____
     BORROWER                                              FARM LOAN MANAGER
                                                              FARM SERVICE AGENCY
BY: _____         U.S. DEPARTMENT OF AGRICULTURE
     BORROWER


WITNESSES:

_____

_____


_____  8139
NOTARY PUBLIC


(SEAL)
My Commission Expires:  _at death_____

**Iberia Parish Conformed Copy**

**Michael Thibodeaux**
**Iberia Parish Clerk of Court**
P. O. Drawer 12010
New Iberia, LA  70562-2010
(337) 365-7282

**Received From :**
STEPHEN ARMENTOR

**First MORTGAGOR**

ARMENTOR, STEPHEN PHILLIP

**First MORTGAGEE**

USA-DEPT OF AGRICULTURE

| | |
|---|---|
| **Index Type :**   Mortgages | **File Number :** 2013-00013478 |
| **Type of Document :** Reinscription | |
| | **Book :**  1586      **Page :** 276 |
| **Recording Pages :**        4 | |

### Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Iberia Parish, Louisiana

_____
Clerk of Court

On (Recorded Date) : 12/05/2013

At (Recorded Time) :  9:40:00AM

Doc ID - 008567900004

**Return To :**

Do not Detach this Recording Page from Original Document

**FORM FSA 1951-1 LA**
(Rev. 2-2010)

## AGREEMENT EVIDENCING EXTENSION BY
## REAMORTIZATION OR RESCHEDULING AND REQUEST FOR
## REINSCRIPTION OF REAL ESTATE MORTGAGE

THIS AGREEMENT, made between the United States of America, acting by and through the

Farm Service Agency, United States Department of Agriculture, represented herein by

GALTON J. HULIN JR., Farm Loan Manager, for IBERIA Parish, Louisiana, herein

called the "Government" and STEPHEN PHILIP ARMENTOR AND SHANNON MOORE ARMENTOR

(Name of Borrower)

of 2410 LABIT RD., NEW IBERIA, LA 70560
(Street Address, City and Parish)

Louisiana, herein called the "Borrower";

WITNESS:

WHEREAS, the Government and Borrower have agreed to reamortize, reschedule, or otherwise extend the maturity of the promissory note(s) described below which were executed by the Borrower and are owned and held by the Government so that the Promissory Note(s) shall now be finally due and payable on the dates indentified as "the new due date."

I
Promissory Notes Extended

| DATE | AMOUNT | DUE DATE BEFORE EXTENSION | DUE DATE AFTER EXTENSION |
|------|--------|---------------------------|--------------------------|
| 3/13/2012 | $121,800.00 | 4/1/2013 | 4/1/2028 |
| 3/13/2012 | $164,800.00 | 4/1/2019 | 4/1/2028 |

**FORM FSA 1951-1 LA**

and

      WHEREAS, the extension shall be carried out by the Borrower executing an FSA Promissory note form designated as the Rescheduled or Reamoritized note. The Rescheduled or Reamortized note shall be attached to the note extended by rescheduling or reamortization and shall be evidence of the new payment schedule.

and

*      WHEREAS, the above described notes are secured by a real estate mortgage of mortgages encumbering property owned by the borrower which real estate mortgages are subject to reinscription or extension pursuant to LSA-Civil Code Articles 3357 through 3365, as applicable. These mortgages are specifically described as follows:

II
Mortgages Securing Extended Notes

| MORTGAGE DATE | BOOK-PAGE RECORDED | NOTE DATE | NOTE AMOUNT | EXTENDED DUE DATE |
|---|---|---|---|---|
| 3/13/2012 | Bk. 140 Pg. 410 #2012-00002619 | 3/13/2012 3/13/2012 | $164,800.00 $121,800.00 | 4/1/2028 4/1/2028 |

*Strike Inapplicable

**FORM FSA 1951-1 LA**

NOW THEREFORE, the Government and the Borrower agree that the above described Promissory Notes have been extended as described above and as further set forth in the Rescheduled or Reamortized Promissory Note executed to evidence and carry out the extension by reamortization, renewal, or extension, the terms of which are referred to and incorporated herein by reference. The Government and the Borrower further agree that the Extension, Reamortization, Rescheduling, or Consolidation of any of the above described Promissory Notes shall not constitute a novation or the creation of a new debt but shall be merely an extension of an existing indebtedness. The Government and Borrower further agree that this instrument shall be lodged for record pursuant to LSA-Civil Code 3357 through 3365, as applicable, to effect the extension of the real estate mortgage securing the extended Promissory Notes.

By: _____ By: _____
   BORROWER                      FARM LOAN MANAGER
                                 FARM SERVICE AGENCY
By: _____     U.S. DEPARTMENT OF AGRICULTURE
   BORROWER


WITNESSES:

_____

_____


_____
NOTARY PUBLIC

(SEAL)
My Commission Expires: _____

## Iberia Parish Certified Copy

**Michael Thibodeaux**
**Iberia Parish Clerk of Court**
P. O. Drawer 12010
New Iberia, LA  70562-2010
(337) 365-7282

**Received From :**
  STEPHEN P ARMENTOR

**First MORTGAGOR**

ARMENTOR, STEPHEN PHILLIP

**First MORTGAGEE**

USA-DEPT OF AGRICULTURE

**Index Type :**   Mortgages                                    **File Number :** 2012-00002619

**Type of Document :** Conventional Mortgage

                                                                                     **Book :**  1480        **Page :** 410

**Recording Pages :**              8

### Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Iberia Parish, Louisiana

_____
Clerk of Court

On (Recorded Date) : 03/13/2012

At (Recorded Time) :  3:39:02PM

IBERIA PARISH CLERK OF COURT
MICHAEL THIBODEAUX
Parish of Iberia
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 03/13/2012 at  3:39:02
Recorded in Book  1480  Page 410
File Number 2012-00002619

CLERK OF COURT
Michael Thibodeaux
Clerk of Court

Doc ID - 007867000008

Deputy Clerk

**Return To :**

FSA-1927-1 LA
(09-21-05)

Position 5
UNITED STATES DEPARTMENT OF AGRICULTURE
Farm Service Agency

# MORTGAGE FOR LOUISIANA

THIS MORTGAGE ("instrument") is made on **March 13**, 2012. The mortgagor is Stephen Phillip Armentor and Shannon Moore Armentor ("Borrower") whose mailing address is 2410 Labit Rd., New Iberia, LA 70560. This instrument is given to the United States of America acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at 2617 Northside Rd., Suite 500, New Iberia, LA 70563.

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| March 13, 2012 | $164,800.00 | 1.375% | April 1, 2019 |
| March 13, 2012 | $121,800.00 | 1.375% | April 1, 2013 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants, conveys and assigns to Government the following described property situated in the State of Louisiana County or Counties of Iberia:

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income there from, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

Initial _____ date 3/13/12
Page 1 of 5

FSA-1927-1 LA (09-21-05)

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority:  (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and  (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements.  Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full.  Such money may, at the option of the Government, be applied on the debt whether due or not.  The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government.  In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases.  Borrower warrants that as of the date of executing this instrument no default exists under existing leases.  Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law.  Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents.  Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government.  If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations.  All insurance policies and renewals shall include a standard mortgagee clause.
7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower.  Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements.  All such advances shall bear interest at the same rate as the note which has the highest interest rate.  All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand.  No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay.  Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.
8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note.  Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees; court costs, and expenses of advertising, selling, and conveying the property.
9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.
10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government;  (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner.  Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.
11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.
12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

Initial _____ date 3/13/12
Page 2 of _____ 3/13/12

FSA-1927-1 LA (09-21-05)

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

Initial _____ date 3/13/12

Page 3 of 6

FSA-1927-1 LA (09-21-05)

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

Initial _____ date 3/13/12
31312
Page 4 of 5

FSA-1927-1 LA (09-21-05)

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Stephen Arnita_
Borrower

_[signature]_
Co-Borrower

WITNESSES:

_Alana Booth_

_Farrell Armento_

_Veronica A. Broussard_
NOTARY PUBLIC
#40816

Initial _SA_ date _3/13/12_
Page _6 of 5_    31312

FSA-1927-1 LA (09-21-05)

LA EXHIBIT 2

# AUTHENTIC ACT

Thus done and passed in __New Iberia__, Parish of __Iberia__,

State of Louisiana, aforesaid, on this _13th_ day of _March_, 20 _12_, in the presence of the undersigned competent witnesses, who signed their names with the said appeared and me, notary, after due reading of the whole.

_Stephen Phillip Armentor_
Stephen Phillip Armentor

_Shannon Moore Armentor_
Shannon Moore Armentor

_Alana Boutte_
(Witness)

_Farrell Armentor_
(Witness)

_Veronica A. Broussard_ #40816
(Notary) Veronica A. Broussard

EXHIBIT A

Tract 3 of the plat prepared by R.B. Marie, L.S. dated September 9, 1981, attached to Act of Partition dated August 9, 1982 and recorded August 18, 1982 in COB 796, Folio 261, Entry No. 82-6992 of the public records of Iberia Parish, Louisiana

Being that certain lot of ground with all buildings and improvements and the component parts thereof, together with all rights, ways, privileges, servitudes and all appurtenances thereunto appertaining, situated in Section 26, Township 11 South, Range 5 East, Iberia Parish, Louisiana, containing 10.806 acres, and having such measurements and dimensions as set forth in the noted plat, bounded Northerly by Tract 2 of the noted plat, Southerly by Eloi J. Dore, heirs or assigns, Easterly by Labit Road and Westerly by Maurice Touchet.

Being the same property acquired by Stephen Phillip Armentor, et ux dated march 27, 2002, recorded on March 28, 2002, in Book 1235, Folio 657, under Entry No. 02-4265 of the Conveyance Records of Iberia Parish, Louisiana.

## Louisiana Secretary of State
## UCC Filing Detail
## (Not a Certified Copy)
### Notice: All Filings after 6/19/2018 are subject to change or removal.

**Original File#:** 23-12-0931 **FARM FILING**

**Filed:** 3/5/2012 at 10:59 AM

**Parish:** IBERIA

**Debtors: (2)**

| |
|---|
| ARMENTOR FARMS LLC<br>Tax ID: #####7074<br>2410 LABIT RD.<br>NEW IBERIA, LA 70560 |
| STEPHEN P ARMENTOR<br>Tax ID: #####9404<br>2410 LABIT RD.<br>NEW IBERIA, LA 70560 |

**Original Secured Parties: (1)**

| |
|---|
| USDA, FARM SERVICE AGENCY<br>Tax ID#: #####0000<br>2617 NORTHSIDE RD., SUITE 500<br>NEW IBERIA, LA 70563 |

**Property:**

| |
|---|
| ALL FARM EQUIPMENT INCLUDING ONE, 8 X 32 CIRCLE M GOOSENECK TRAILER, 2012,<br>VIN#1C9FS3228CM364002 |

**Farm Product Information: (3)  - Joint Check Required**

| Name | Code | Parish | Year | Quantity | Loan Amount |
|---|---|---|---|---|---|
| HAY | 1130 | ST. MARTIN | | ALL | ALL |
| HAY | 1130 | IBERIA | | ALL | ALL |
| HAY | 1130 | LAFAYETTE | | ALL | ALL |

**Reasonable Description:** SEE ORIGINAL SECURITY AGREEMENT

**Subsequent Filings: (2)**

| Type | Details |
|---|---|
| Amendment: | 23-14-3464 filed on 8/26/2014 at 11:56 AM<br>COLLATERAL ADDED: ADD CATTLE PARISH 28 ALL HEADS, ADD CATTLE PARISH 23 ALL HEADS, ADD CATTLE PARISH 50 ALL HEADS<br>**Reasonable Description:** SEE ORIGINAL SECURITY AGREEMENT<br>**Farm Product Information: (3)  - Joint Check Required** |

| | Name | Code | Parish | Year | Quantity | Loan Amount |
|---|---|---|---|---|---|---|
| Add | CATTLE | 3030 | IBERIA | | ALL HEADS | ALL |
| Add | CATTLE | 3030 | LAFAYETTE | | ALL HEADS | ALL |
| Add | CATTLE | 3030 | ST. MARTIN | | ALL HEADS | ALL |

**Reasonable Description:** SEE ORIGINAL SECURITY AGREEMENT

**Continuation:**

23-16-4563 filed on 12/5/2016 at 10:04 AM
**Reasonable Description:** SEE ORIGINAL SECURITY AGREEMENT

Print

LOUISIANA SECRETARY OF STATE
OFFICE OF UNIFORM COMMERCIAL CODE/CENTRAL REGISTRY
CONFIRMATION OF FILING

# RECEIVED

DEC 1 2 2016

IBERIA COUNTY
FSA

USDA FARM SERVICE AGENCY
600 RUE DE BRILLE
NEW IBERIA, LA  70563

Pursuant to La.R.S.3:3656(B), this is a confirmation that the following information has
been received and included within the Secretary of State's Central Registry of farm
product filings.  Note that this confirmation does not constitute a determination of the
legal sufficiency of the filing.

Any questions regarding this notice should be directed to the Central Registry at
225.925.4701.

Tom Schedler
Secretary of State

===================================================================================
ORIGINAL FILE NUMBER 23-12-0931      FILED  3/05/12 10:59 AM
                                     PARISH IN WHICH FILED:  IBERIA

SUBSEQUENT FILINGS

1.   CONTINUATION      FILE NUMBER 23-16-4563      FILED 12/05/16 10:04 AM IBERIA
                       Continuation

     DEBTOR(S)
     ARMENTOR FARMS LLC                                     #####7074
     2410 LABIT RD.
     NEW IBERIA, LA  70560

     ARMENTOR              STEPHEN         P                #####9404
     2410 LABIT RD.
     NEW IBERIA, LA  70560

     SECURED PARTY
     USDA, FARM SERVICE AGENCY                             #####0000
     2617 NORTHSIDE RD., SUITE 500
     NEW IBERIA, LA  70563

## Iberia Parish Conformed Copy

**Michael Thibodeaux**
**Iberia Parish Clerk of Court**
P. O. Drawer 12010
New Iberia, LA 70562-2010
(337) 365-7282

**Received From :**
USA FHA
600 RUE DE BRILLE
NEW IBERIA, LA 70563

**First DEBTOR**
ARMENTOR FARMS LLC

| | |
|---|---|
| **Index Type :** UNIFORM COMMERCIAL CODE | **File Number : 2016-00004563** |
| **Type of Document :** UCC-3 CONTINUATION | |

**Recording Pages :** 2

### Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Iberia Parish, Louisiana

On (Recorded Date) : 12/05/2016

At (Recorded Time) : 10:04:53AM

Doc ID - 009212300002





**Return To :**

Do not Detach this Recording Page from Original Document

## UCC-3F

*Important - Read Instructions*

This FINANCING STATEMENT is presented for filing pursuant to Chapter 9 of the Louisiana Commercial Laws and 1985 Food Security Act

1. Initial Financing Statement File # **12-0931**

2. ☐ Termination - the Secured Party no longer claims a security interest under the Financing Statement bearing the file number shown above.

3. ☑ Continuation - the original Financing Statement between the Debtor and Secured Party bearing the file number shown above is still effective.

4. ☐ Assignment (full or partial). Give name of assignee in 7a or 7b and address of assignee in item 7c: also give name of assignor in item 9.

5. ☐ Amendment (Party Information). This amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
   Also check one of the following three boxes and provide appropriate informa ion in items 6 and/or 7.
   CHANGE name and/or address ____ DELETE name ____ ADD name ____

6. CURRENT RECORD INFORMATION:

   6a Organization's Name
   **Armentor Farms LLC**

| 6b Individual's Last Name (and Title of Lineage (e.g. Jr., Sr., III, if applicable) | First Name | Middle Name |
|---|---|---|
| | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

   7a Organization's Name

| 7b Individual's Last Name (and Title of Lineage (e.g. Jr., Sr., III, if applicable) | First Name | Middle Name |
|---|---|---|
| | | |

| 7c Mailing Address | City | State | Postal Code | Country |
|---|---|---|---|---|
| | | | | |

| 7d Tax ID #: SSN or EIN | Add'l info re: Organization | 7e Type of Organization | 7f Jurisdiction of Organization | 7g Organization ID # if any |
|---|---|---|---|---|
| | | | | None |

8. AMENDMENT UCC (Collateral Change): check only one box.
   Descr be collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or descr be collateral ☐ assigned.

9. NAME or SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment).

   9a Organization's Name
   **USDA, Farm Service Agency**

| 9b Individual's Last Name (and Title of Lineage (e.g. Jr., Sr., III), if applicable | First Name | Middle Name |
|---|---|---|
| | | |

USE THE FOLLOWING AREA ONLY FOR FARM PRODUCTS REQUIREING EFFECTIVE FINANCING STATEMENT (EFS) FILING IN ACCORDANCE WITH FOOD SECURITY ACT OF 1985

10. This FINANCING STATEMENT AMENDMENT covers the following types (or items) of property: Indicate "A" to add or "R" to release at left side of form.
   (FARM PRODUCT NOTICE ONLY)

| A/R | Collateral Product Name | Collateral Product Code | Parish/Produced Code | Collateral Quantity Amount | CropYear | Total Amount Security |
|---|---|---|---|---|---|---|
| ___ | _____ | _____ | _____ | _____ | _____ | _____ |
| ___ | _____ | _____ | _____ | _____ | _____ | _____ |
| ___ | _____ | _____ | _____ | _____ | _____ | _____ |

11. Brief Description of collateral (if needed to distinguish from products not subject to security interest):

12. Reasonable description of property upon which products are produced or located:

**Does Secured Party Require Joint Checks?**
☐ Yes   ☐ No

13. Return Copy To:

USDA, Farm Service Agency
600 Rue de Brille
New Iberia, LA 70563

Optional: (See Instruction #9)
Signature of Debtor(s)
_____

_____

LOUISIANA SECRETARY OF STATE 12/29/11

LOUISIANA SECRETARY OF STATE
OFFICE OF UNIFORM COMMERCIAL CODE/CENTRAL REGISTRY
CONFIRMATION OF FILING



USDA, FARM SERVICE AGENCY
2617 NORTHSIDE RD., SUITE 500
NEW IBERIA, LA  70563

Pursuant to La.R.S.3:3656(B), this is a confirmation that the following information has
been received and included within the Secretary of State's Central Registry of farm
product filings.  Note that this confirmation does not constitute a determination of the
legal sufficiency of the filing.

Any questions regarding this notice should be directed to the Central Registry at
225.925.4701.

Tom Schedler
Secretary of State

======================================================================================
ORIGINAL FILE NUMBER 23-12-0931      FILED  3/05/12 10:59 AM
                                     PARISH IN WHICH FILED:  IBERIA

SUBSEQUENT FILINGS

1.   AMENDMENT        FILE NUMBER 23-14-3464    FILED  8/26/14 11:56 AM IBERIA
                      COLLATERAL ADDED: ADD CATTLE PARISH 28 ALL HEADS, ADD CATTLE
                      PARISH 23 ALL HEADS, ADD CATTLE PARISH 50 ALL HEADS

     DEBTOR(S)
     ARMENTOR FARMS LLC                                        #####7074
     2410 LABIT RD.
     NEW IBERIA, LA  70560

     ARMENTOR            STEPHEN        P                      #####9404
     2410 LABIT RD.
     NEW IBERIA, LA  70560

     SECURED PARTY
     USDA, FARM SERVICE AGENCY                                 #####0000
     2617 NORTHSIDE RD., SUITE 500
     NEW IBERIA, LA  70563

     FARM PRODUCT INFORMATION - Joint Check Required
          Product Name            Prod.Code/Parish Produced    Crop Yr/Quantity    Loan Amount
Add  CATTLE                       3030 LAFAYETTE               ALL HEADS           ALL
Add  CATTLE                       3030 IBERIA                  ALL HEADS           ALL
Add  CATTLE                       3030 ST. MARTIN              ALL HEADS           ALL

     Reason.Desc:  SEE ORIGINAL SECURITY AGREEMENT

## Recordation Certificate

**Michael Thibodeaux**
**Iberia Parish Clerk of Court**
P. O. Drawer 12010
New Iberia, LA 70562-2010
(337) 365-7282

**First DEBTOR**

ARMENTOR FARMS LLC

**Index Type :** UNIFORM COMMERCIAL CODE         **File Number :** 2014-00003464

**Type of Document :** UCC-3 AMENDMENT

**Recording Pages :**          2

### Recorded Information

On (Recorded Date) : 08/26/2014

At (Recorded Time) : 11:56:38AM

Deputy Clerk

Doc ID - 008735180002

# UCC-3F
**Important - Read Instructions**
This FINANCING STATEMENT is presented for filing pursuant to Chapter 9 of the Louisiana Commercial Laws and 1985 Food Security Act

1. Initial Financing Statement File # **12-0931**

2. ☐ Termination - the Secured Party no longer claims a security interest under the Financing Statement bearing the file number shown above.

3. ☐ Continuation - the original Financing Statement between the Debtor and Secured Party bearing the file number shown above is still effective.

4. ☐ Assignment (full or partial). Give name of assignee in 7a or 7b and address of assignee in item 7c: also give name of assignor in item 9.

5. ☐ Amendment (Party Information). This amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
CHANGE name and/or address        DELETE name        ADD name

6. CURRENT RECORD INFORMATION:

6a Organization's Name
**Armentor Farms LLC**

| 6b Individual's Last Name (and Title of Lineage (e.g. Jr., Sr., III, if applicable) | First Name | Middle Name |
|---|---|---|
| | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

7a Organization's Name

| 7b Individual's Last Name (and Title of Lineage (e.g. Jr., Sr., III, if applicable) | First Name | | | Middle Name |
|---|---|---|---|---|
| | | | | |

| 7c Mailing Address | City | State | Postal Code | Country |
|---|---|---|---|---|
| | | | | |

| 7d Tax ID #: SSN or EIN | Add'l Info re: Organization | 7e Type of Organization | 7f Jurisdiction of Organization | 7g Organization ID # if any None |
|---|---|---|---|---|
| | | | | |

8. AMENDMENT UCC (Collateral Change): check only one box.
Descr be collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or descr be collateral ☐ assigned.

9. NAME or SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment).

9a Organization's Name
**USDA, Farm Service Agency**

| 9b Individual's Last Name (and Title of Lineage (e.g. Jr., Sr., III), if applicable | First Name | Middle Name |
|---|---|---|
| | | |

**USE THE FOLLOWING AREA ONLY FOR FARM PRODUCTS REQUIREING EFFECTIVE FINANCING STATEMENT (EFS) FILING IN ACCORDANCE WITH FOOD SECURITY ACT OF 1985**

10. This FINANCING STATEMENT AMENDMENT covers the following types (or items) of property: Indicate "A" to add or "R" to release at left side of form.
(FARM PRODUCT NOTICE ONLY)

| A/R | Collateral Product Name | Collateral Product Code | Parish/Produced Code | Collateral Quantity Amount | CropYear | Total Amount Security |
|---|---|---|---|---|---|---|
| A | Cattle | 3030 | 28 | All heads | | |
| A | Cattle | 3030 | 23 | All heads | | |
| A | Cattle | 3030 | 50 | All heads | | |
| | | | | | | |

11. Brief Description of collateral (if needed to distinguish from products not subject to security interest):

12. Reasonable description of property upon which products are produced or located:

**Does Secured Party Require Joint Checks?**
☑ Yes    ☐ No

13. Return Copy To:

USDA, Farm Service Agency
2617 Northside Rd., Suite 500
New Iberia, LA 70563

Optional: (See Instruction #9)
Signature of Debtor(s)

LOUISIANA SECRETARY OF STATE 12/29/11

LOUISIANA SECRETARY OF STATE
OFFICE OF UNIFORM COMMERCIAL CODE/CENTRAL REGISTRY
CONFIRMATION OF FILING

USDA, FARM SERVICE AGENCY
2617 NORTHSIDE RD., SUITE 500
NEW IBERIA, LA  70563

Pursuant to La.R.S.3:3656(B), this is a confirmation that the following information has
been received and included within the Secretary of State's Central Registry of farm
product filings.  Note that this confirmation does not constitute a determination of the
legal sufficiency of the filing.

This filing will lapse on  3-06-2017 unless continued or terminated.  We encourage filers
to take full advantage of the six month window of opportunity in which to file UCC-3
continuations.  Submission of your documents at the onset of the six month window will
allow ample time to rectify potential filing errors and help to assure timely recording
of your filing.

Any questions regarding this notice should be directed to the Central Registry at
225.922.1193.

Tom Schedler
Secretary of State

===========================================================================
ORIGINAL FILE NUMBER 23-12-0931      FILED  3/05/12 10:59 AM  FARM FILING
                                     PARISH IN WHICH FILED: IBERIA
DEBTOR(S)
 ARMENTOR FARMS LLC                                      #####7074
 2410 LABIT RD.
 NEW IBERIA, LA  70560

 ARMENTOR             STEPHEN         P                  #####9404
 2410 LABIT RD.
 NEW IBERIA, LA  70560

ORIGINAL SECURED PARTY
 USDA, FARM SERVICE AGENCY                               #####0000
 2617 NORTHSIDE RD., SUITE 500
 NEW IBERIA, LA  70563

PROPERTY
 ALL FARM EQUIPMENT INCLUDING ONE, 8 X 32 CIRCLE M GOOSENECK TRAILER, 2012,
 VIN#1C9FS3228CM364002

FARM PRODUCT INFORMATION - Joint Check Required
 Product Name          Prod.Code/Parish Produced    Crop Yr/Quantity    Loan Amount
 HAY                        1130 ST. MARTIN              ALL              ALL
 HAY                        1130 IBERIA                  ALL              ALL
 HAY                        1130 LAFAYETTE               ALL              ALL

 Reason.Desc:  SEE ORIGINAL SECURITY AGREEMENT

## UCC-1F

Follow instructions carefully. This filing is pursuant to Chapter 9 of the Louisiana Commercial Laws and 1985 Food Security Act.

1. Debtor's exact full legal name - insert only one debtor name (1a or 1b) - do not abbreviate or combine names.

**1a Organization's Name**
Armentor Farms LLC

OR

**1b Individual's Last Name (and Title of Lineage (e.g. Jr. Sr., III, if applicable)** | First Name | Middle Name

| 1c Mailing Address | City | State | Postal Code | Country |
|---|---|---|---|---|
| 2410 Labit Rd. | New Iberia | LA | 70560 | |

| 1d Tax ID #: SSN or EIN | Add'l info re: Organization Debtor. | 1e Type of Organization | 1f Jurisdiction of Organization | 1g Organizational ID # if any ☐ None |
|---|---|---|---|---|
| 45-3967074 | | | | |

2. Additional debtor's exact full legal name - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names.

**2a Organization's Name**

OR

**2b Individual's Last Name (and Title of Lineage (e.g. Jr., Sr. III), if applicable)** | First Name | Middle Name
Armentor | Stephen | P

| 2c Mailing Address | City | State | Postal Code | Country |
|---|---|---|---|---|
| 2410 Labit Rd. | New Iberia | LA | 70560 | |

| 2d Tax ID #: SSN or EIN | Add'l info re: Organization Debtor. | 2e Type of Organization | 2f Jurisdiction of Organization | 2g Organizational ID #, if any ☐ None |
|---|---|---|---|---|
| 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 | | | | |

SECURED PARTY INFORMATION: Secured Party's Name (or Name of Total Assignee of Assignor S/P) - insert only one secured party name (3a or 3b)

**3a Organization's Name**
USDA, Farm Service Agency

OR

**3b Individual's Last Name (and Title of Lineage (e.g. Jr., Sr., III), if applicable** | First Name | Middle Name

| 3c Mailing Address | City | State | Postal Code | Country |
|---|---|---|---|---|
| 2617 Northside Rd., Suite 500 | New Iberia | LA | 70563 | |

### PROPERTY INFORMATION

4. This FINANCING STATEMENT covers the following collateral:

**All farm equipment including**
One, 8 X 32 Circle M Gooseneck trailer, 2012, VIN#1C9FS3228CM364002

5. ☐ Products of collateral are also covered.      INDICATE NUMBER OF ADDITIONAL SHEETS _____

USE THE FOLLOWING AREA ONLY FOR FARM PRODUCTS REQUIRING EFFECTIVE FINANCING STATEMENT (EFS) FILING IN ACCORDANCE WITH FOOD SECURITY ACT OF 1985

6. This FINANCING STATEMENT covers the following types (of items) of property:

| Collateral Product Name | Collateral Product Code | Parish/Produced Code | Collateral Quantity Amount | Crop Year | Total Amount Security |
|---|---|---|---|---|---|
| Hay | 1130 | 50 | All | | |
| Hay | 1130 | 23 | All | | |
| Hay | 1130 | 28 | All | | |

7. Brief Description of collateral (if needed to distinguish from products not subject to security interest):

8. Reasonable description of property (see instruction #5) upon which products are produced or located:
See original Security Agreement

**Does Secured Party Require Joint Checks?**
☑ Yes   ☐ No

Optional: (See Instruction #6)
Signature of Debtor(s) _____

9. Return copy to: USDA, Farm Service Agency
2617 Northside Rd., Suite 500
New Iberia, LA 70563

10. CHECK TO REQUEST SEARCH REPORT(S) ON DEBTOR(S)
(ADDITIONAL FEE REQUIRED)
☑ ALL DEBTORS
☐ DEBTOR #1
☐ DEBTOR #2