UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**　　　　　**CASE NO. 6:19-CV-01122**

**VERSUS**　　　　　**JUDGE JAMES D. CAIN, JR.**

**ARMENTOR FARMS LLC, ET AL.**　　　　　**MAGISTRATE JUDGE HANNA**

### MEMORANDUM RULING

Before the court is a Motion for Default Judgment [doc. 12] filed by the United States of America and relating to the suit filed in this court by the government. Defendants have made no appearance in the suit, nor have they responded to this motion.

### I.
#### BACKGROUND

On August 27, 2019, the government filed a complaint in this court on behalf of the Farmers Home Administration ("FmHA"), now known as the Farm Services Agency ("FSA") of the United States Department of Agriculture. Doc. 1. In that complaint the government alleged that it is the holder in due course and owner of certain promissory notes made payable to the FSA by defendants Stephen Philip Armentor and Shannon Moore Armentor. The notes are described by the government as follows:

| Date | Type | Face Amount | Interest Rate |
|---|---|---|---|
| 06-07-2016 | OL (44-05) | $110,160.54 | 1.375% |
| 03-13-2012 | Resch | $121,800.00 | 1.375% |
| 06-07-2016 | OL (44-06) | $148,858.01 | 1.375% |
| 03-13-2012 | Resch | $164,800.00 | 1.375% |

Doc. 1, p. 1; *see* doc. 1, att. 2 (copies of notes).

In order to secure payment of the notes, the defendants executed certain acts of mortgage covering the property more fully described therein and filed in the mortgage records for Iberia Parish, Louisiana. The government describes the mortgages as follows:

| Date | Registry No. | Type | Mortgage Book/Page |
|---|---|---|---|
| 03-13-2012 | 12-002619 | Real Estate/Iberia | 1480/410 |
| 12-05-2013 | 13-0013478 | Ext of RE Mortgage | 1586/276 |
| 06-28-2016 | 16-001646 | Ext of RE Mortgage | 266/809 |
|  | 23-12-0931 | UCC-1F |  |
|  | 23-14-3464 | Amended |  |
|  | 23-16-4563 | Continued |  |

Doc. 1, p. 2; *see* doc. 1 att. 3 (mortgage records).

The government also asserts that certain recoverable costs have been advanced to the defendants to protect the security property. Doc. 1, p. 2. It describes these as follows:

|  | Item | Amount |
|---|---|---|
| 44-94 | RE Taxes | $536.21 |
| 44-95 | Title Opinion | $1,250.00 |
| 44-96 | Appraisal | $800.00 |
| 44-97 | Lien Search | $40.00 |
| 44-98 | RE Taxes | $542.73 |
| 44-99 | RE Taxes | $577.39 |

Doc. 1, p. 2.

The government alleges that:

> Defendants are in default on due payment under the Note(s), the entire balance is now due and payable as a result of acceleration of the unpaid principal and interest by Plaintiff or by virtue of the terms for payment of the Note(s), and all conditions precedent to the commencement of this action have been satisfied.

Doc. 1, p. 2. As of May 31, 2019, the government asserts, the following amounts are presently due and outstanding under the notes and advances in unpaid principal and interest:

| Loan Code | Unpaid Principal | Unpaid Interest |
|---|---|---|
| 44-05 | $102,166.41 | $1,577.98 |
| 44-06 | $148,858.01 | $6,101.14 |
| 44-94 | $536.21 | $2.26 |
| 44-95 | $1,250.00 | $17.80 |
| 44-96 | $800.00 | $11.72 |
| 44-97 | $40.00 | $0.59 |
| 44-98 | $542.73 | $9.16 |
| 44-99 | $577.39 | $17.68 |

Doc. 1, p. 3. The government thus filed the present action, seeking judgment in rem against the defendants on the above-described debts in addition to costs and any interest to which it might be entitled. *Id.*

Plaintiffs Stephen Phillip Armentor and Armentor Farms, LLC were served on December 31, 2019, while plaintiff Shannon Moore Armentor was served on January 6, 2020. *See* doc. 9. Their answers were therefore due on January 21 and January 27, 2020, respectively. No party has answered or otherwise appeared, and the clerk made an entry of default on January 28, 2020. Doc. 11. The government now moves for default judgment. Doc. 12.

## II.
### LAW & APPLICATION

Under Federal Rule of Civil Procedure 55, a plaintiff may apply for a default judgment after the clerk has entered a default against the defendant for failure to plead or otherwise respond to a complaint. Once default is entered, the plaintiff's well-pleaded

factual allegations are deemed admitted and the plaintiff may apply for judgment based on those pleadings. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). No party is entitled to default judgment as a matter of right, however. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Instead, the court then determines whether grounds for the judgment exist. *Wooten v. McDonald Transit Ass'n, Inc.*, 788 F.3d 490, 497–98 (5th Cir. 2015). To this end it looks to Federal Rule of Civil Procedure 8, which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*; Fed. R. Civ. P. 8(a)(2).

The government has outlined the sums owed under its claims and supported these with exhibits describing the mortgages and promissory notes at issue. It also supports its motion for default judgment with an affidavit from the FSA state executive director, who attests to the sums owed. *See* doc. 12, att. 1. Accordingly, the court determines that the government is entitled to default judgment in this matter.

### III.
#### CONCLUSION

For the reasons stated above, the Motion for Default Judgment [doc. 12] will be granted.

**THUS DONE AND SIGNED** in Chambers on this 20th day of March, 2020.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**